**Carmen DE PAULA, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

No. 83 Civ. 3508 (MP).

United States District Court,
S.D. New York.

March 19, 1984.

Klein, Wagner & Morris by Richard P. Morris, New York City, for plaintiffs.

Rudolph W. Giuliani, U.S. Atty., S.D.N.Y. by Steven E. Obus, Asst. U.S. Atty., New York City, for defendant.

## MEMORANDUM AND ORDER

MILTON POLLACK, Senior District Judge.

By this action, plaintiff seeks judicial review of a decision of the Secretary of Health and Human Services, defendant herein, denying the plaintiff's applications for federal disability insurance benefits and Supplemental Security Income (SSI) based upon disability. This action is brought pursuant to 42 U.S.C. §§ 405(g) & 1383(c)(3). The parties have brought cross-motions for judgment on the pleadings under Fed.R. Civ.P. 12(c), adjudication of which is effected by entry of this order.

Plaintiff is a forty-three year old woman, with a history of hypertension, osteoarthritis of the right knee, low back pain and pain in her neck and right shoulder. Plaintiff was employed as a sewing machine operator until July 16, 1979, when she resigned her position as a result of severe pain and pregnancy. On February 22, 1982, plaintiff was hospitalized, complaining of severe headaches and severe low back pain. She was released a week later. On March 5, 1982, plaintiff applied for disability insurance benefits, claiming disability as of February 22, 1982. Plaintiff also filed an application for SSI benefits, based upon her alleged disability, on March 5, 1982, claiming disability as of February 22, 1982.

Plaintiff's applications for disability insurance benefits and SSI benefits based upon alleged disability were denied initially and upon reconsideration. Plaintiff requested a hearing to review both applications. That hearing was held on October 27, 1982 before Administrative Law Judge (ALJ) Michael P. Friedman. On December 1, 1982, the ALJ found that the plaintiff is not disabled, and denied her applications for benefits. That decision became the final decision of the Secretary upon affirmation by the Social Security Appeals Council in March, 1983. It is of that decision that plaintiff seeks judicial review.

Both 42 U.S.C. § 423(d)(1)(A), relating to disability insurance benefits, and 42 U.S.C. § 1382c(a)(3)(A), relating to SSI payments based on disability, define disability as the inability

> to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months ...

An individual is only disabled, however, if

> his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...

42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

Regulations adopted by the Secretary of Health and Human Services mandate the conduct of a five-part evaluation process for determining whether an individual's condition meets this definition of disability:

> First, the Secretary considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the Secretary next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the Secretary will consider him disabled without considering vocational factors such as age, education and work experience; the Secretary presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the Secretary

then determines whether there is other work which the claimant could perform ... The claimant bears the burden of proof as to the first four steps, while the Secretary must prove the final one.

*Berry v. Schweiker,* 675 F.2d 464, 467 (2d Cir.1982).

In his determination of plaintiff's applications for disability payments, the ALJ found, in pertinent part:

2. The claimant has the following impairments: arthritis and hypertension.

3. The claimant's allegations of a severe and painful condition is not credible.

4. The claimant has the residual functional capacity to perform extensive work-related functions except for work involving walking and carrying.

5. The claimant's past relevant work as a sewing machine operator did not require her to engage in extensive walking and carrying.

6. The claimant's impairments do not prevent the performance of this past relevant work.

*In the Case of DePaula,* Decision of Administrative Law Judge Friedman, p. 10–11. (December 1, 1982). On the basis of these findings, Judge Friedman concluded that the plaintiff is not disabled as defined in 42 U.S.C. §§ 423(d) & 1382c(a)(3).

Judge Friedman's findings are entitled to great deference upon review. "Under the established standard for judicial review of a nondisability decision by the Secretary, the decision that plaintiff is (not) disabled must be supported by substantial evidence. *Richardson v. Perales,* 402 U.S. 389, 401 [91 S.Ct. 1420, 1427, 28 L.Ed.2d 842] (1971)." *Rivers v. Heckler,* 577 F.Supp. 766 (S.D.N.Y.1984) (Pollack, J.).

■ Although Judge Friedman found the plaintiff's allegations of a severe and painful condition incredible, he conceded the severity of her condition in the course of his opinion. *In the Case of DePaula,* p. 10. He concluded, however, that her condition did not meet or equal, in duration or severity, a "listed impairment," as set forth

in Appendix 1 of Subpart P, Social Security Administration Regulations No. 4. *Id.* at 10. This Court finds this conclusion to be supported by substantial evidence. Plaintiff's medical reports do not contain either X-ray evidence of ligament calcification, X-ray evidence of bilateral ankylosis of the sacroiliac joints (with abnormal apophyseal articulations), evidence of osteoporosis-induced fractures or evidence of sensory and reflex loss. Evidence of at least one of these conditions must be adduced to make out a spinal disorder under § 1.05 of Appendix 1. Plaintiff's medical reports, moreover, do not provide the corroborative evidence of rheumatoid arthritis required by § 1.02 of Appendix 1.

■ The next finding of the ALJ which this Court must examine to determine if it is supported by substantial evidence is the conclusion that the plaintiff is able to perform extensive work-related functions. Medical evidence submitted to the ALJ indicates that the plaintiff is able to perform sedentary activities, light lifting and activities involving her upper extremities. *In the Case of DePaula,* Report of H. Magliato, M.D., p. 132. That evidence, furthermore, indicated that plaintiff can sit for up to four to six hours a day, stand and walk intermittently, and carry up to twenty pounds. *Id.* at 132. The ALJ's finding that the plaintiff can perform sedentary work is thus supported by substantial evidence.

■ The Administrative Law Judge's finding that the plaintiff's impairments do not preclude her performance of her previous employment as a sewing machine operator is not supported by substantial evidence. Plaintiff "can sit four to six hours a day and then get up intermittently and carry on other types of walking or standing activities." *In the Case of DePaula,* Report of H. Magliato, M.D., p. 132. Plaintiff's former position, however, required her to sit eight hours a day, and afforded her little opportunity to stand or walk, and thereby change her position periodically. *In the Case of DePaula,* Vocational Report, p. 84.

■ It remains to be determined whether, considering the plaintiff's age, education and work experience, and inability to communicate in English, she is able to perform any other kind of substantial, gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B). There is such work in the national economy available to the plaintiff, according to the record. Plaintiff is under forty-five. *In the Case of DePaula*, Application for Benefits, p. 43. Plaintiff is unable to communicate in English. *In the Case of DePaula*, Transcript, p. 17. Plaintiff's prior work experience constitutes either unskilled labor or semi-skilled labor; if it constitutes the latter, those skills are not readily transferable to other sorts of employment. *In the Case of DePaula*, Vocational Report, p. 84.

Under Social Security Administration regulations, an individual such as the plaintiff is nonetheless deemed able to perform substantial gainful (sedentary) work which exists in the national economy and is not disabled within the meaning of 42 U.S.C. §§ 423(d) & 1382c(a)(3). *See* §§ 201.23 and 201.24, Appendix 2, Subpart P, Regulation No. 4. Recourse to these regulations in determining the ability of a claimant to perform substantial gainful work in the national economy recently was upheld by the Supreme Court. *Heckler v. Campbell*, — U.S. —, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983).

Accordingly, the determination that the plaintiff is not entitled to disability insurance benefits and SSI is affirmed. Judgment in favor of the defendant is entered on the pleadings.

SO ORDERED.