**Cruz M. CABRERA, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

Civ. Nos. 83–1920 (PG), 83–2720 (PG).

United States District Court,
D. Puerto Rico.

July 2, 1984.

Fabio A. Román García, Arecibo, P.R., for plaintiff.

Daniel F. Lopez Romo, U.S. Atty., Hato Rey, P.R., for defendant.

OPINION AND ORDER

PÉREZ–GIMÉNEZ, District Judge.

Plaintiff, Cruz M. Cabrera, brought this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), as amended, (the Act) to review a final decision of the Secretary of Health and Human Services (the Secretary)˙ denying her claim for disability insurance benefits.

Plaintiff is a 38-year-old female with a seventh-grade education (Tr. 90) and relevant work experience as a sewing machine operator for approximately 14 years (Tr. 55, 61–66). Plaintiff applied for disability insurance benefits on September 30, 1981, (Tr. 32–37) alleging that she became unable to work on July 4, 1980, due to a mental condition and headaches. The application was denied initially (Tr. 38–40) and on reconsideration (Tr. 42–45). Plaintiff requested a hearing, which was held on October 12, 1982. The Administrative Law Judge (ALJ) considered the case *de novo* and on November 10, 1982, found plaintiff disabled due to "severe impairments (physical, sensory, postural, mental, manipulative, environmental) caused by the interaction of her physical condition, treatment side effects and anxiety neurosis with depression" (Tr. 15). The ALJ held that plaintiff was entitled to a period of disability commencing on November 6, 1981, and to disability insurance benefits.

Subsequently, the Appeals Council reviewed the decision of the ALJ *sua sponte* and found that plaintiff was *not* entitled to disability benefits, thereby reversing the decision of the ALJ. The decision of the Appeals Council became the final decision of the Secretary. Plaintiff then filed the present action seeking review of the Secretary's decision.

Under the standards set out in the Social Security Act the reviewing court may not substitute its judgment for that of the Secretary. The Act provides that the findings of the Secretary as to any fact shall be conclusive if supported by substantial evidence. 42 U.S.C. § 405(g) Thus, we are only obliged to examine the whole record to determine whether substantial evidence exists to support the decision of the Secretary. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Pelletier v. Secretary of Health, Education and Welfare*, 525 F.2d 158 (1st Cir.1975).

■ Plaintiff argues in his brief that when the findings of fact of an ALJ are reversed by the Appeals Council the conclusions of the latter are not entitled to the same weight as they would if the ALJ had been affirmed, particularly where credibility is involved. In support of his position, plaintiff cites the case of *Beavers v. Secretary of Health, Education and Welfare*, 577 F.2d 383 (6th Cir.1978). Plaintiff's argument is based on a misconstruction of the *Beavers* case. In that case, the Sixth Circuit expressly stated that:

> "[i]t is beyond dispute that the Appeals Council, and the Secretary, have the *power* to conclude that testimony, even if uncontradicted in the record, is not credible. (Emphasis in original) Since *the statutorily-mandated deference to findings of fact runs in favor of the Secretary,* not the administrative law judge, the Appeals Council has the power to do so even if the administrative law judge has determined otherwise."

577 F.2d at 386 (Emphasis ours). It is thus clear that the decision of the Appeals Council is entitled to as much deference when the same reverses the decision of the ALJ as when it affirms it. *See, Oldham v. Secretary of Health and Human Services*, 718 F.2d 507, 510 (1st Cir.1983) ("The ALJ's findings and conclusions represent recommendations to the Secretary; the Council is free to independently weigh the evidence

and arrive at its own findings and conclusions") (*citing Beavers, supra* ). While the Council is required to give some weight to the ALJ's findings, our responsibility is to determine whether there is substantial evidence to support the Appeals Council's decision. *Oldham*, 718 F.2d at 510 n. 2; *Beavers*, 577 F.2d at 386–87.

■ We have carefully reviewed the whole record of this case and have found good cause to remand to the Secretary under Section 205(g) of the Act. The evidence does tend to establish that plaintiff is suffering from a mental as well as a physical condition. However, there appears to be some confusion with respect to the degree of severity of plaintiff's impairment, and whether or not it renders her unable to perform substantial gainful employment.

A consultative evaluation was performed by Dr. Jorge L. Suria Colón on November 6, 1981, which resulted in a diagnosis of "anxiety disorder—moderate" (Tr. 115). Subsequently, plaintiff was admitted to the cancer center of the University Hospital on May 26, 1982, with a provisional diagnosis of cancer of the cervix (Tr. 121). Plaintiff underwent surgery on June 15, 1982, which confirmed the initial diagnosis of cervical carcinoma in stage II–B (Tr. 130). Dr. Jesús Rodríguez explained that due to the fact that plaintiff had to undergo treatment consisting of chemotherapy and radiotherapy, she would not be able to perform her usual functions (Tr. 130).

At the hearing held on October 12, 1982, Dr. Federico Hernández Morales testified that he could not, at that time, express an opinion regarding the results of the treatment being administered to plaintiff.* However, the medical expert did state that during the time plaintiff was undergoing treatment she could not return to any gainful activity (Tr. 28). In addition, Dr. Hernández explained that in light of plaintiff's mental or emotional condition—which was diagnosed by Dr. Suria as anxiety disorder (moderate)—coupled with her physi-

---

* Later on in his testimony Dr. Hernández stated that as of the day of the hearing the treatment was considered satisfactory (Tr. 29).

cal condition she definitely was unable to engage in any substantial gainful activity (Tr. 29–30). The ALJ then commented that it was possible that plaintiff's emotional condition may have gotten worse upon finding out that she had cancer.

Thus, we believe that we should remand this case to the Secretary for further exploration of plaintiff's mental and physical condition. Specifically, the Secretary should consider: 1) plaintiff's emotional condition after undergoing the cancer treatment; 2) plaintiff's physical condition after the operation and treatment, *i.e.*, whether the cancer has re-appeared; and 3) what side effects, if any, has the treatment caused on plaintiff, and whether or not they affect her ability to engage in substantial gainful activity.

WHEREFORE, in view of the above, the instant case is REMANDED to the Secretary for determination consistent with this Opinion and Order.

IT IS SO ORDERED.