577 F.2d 383
 Orville BEAVERS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant-Appellee.
 No. 76-2325.
 United States Court of Appeals,
Sixth Circuit.
 Submitted Dec. 7, 1977.
Decided June 21, 1978.
 
 Martin F. Sullivan, Jr., Louisville, Ky., for plaintiff-appellant.
 Albert Jones, U. S. Atty., James H. Barr, Asst. U. S. Atty., Louisville, Ky., for defendant-appellee.
 Before WEICK, PECK and MERRITT, Circuit Judges.
 JOHN W. PECK, Circuit Judge.
 
 
 1
 Orville Beavers is 36 years old, and has not worked since 1972. Shortly after he was laid off from his construction job "until his back got well," because he had been missing so much work, he applied for social security disability benefits. After a hearing, an administrative law judge held that he was totally disabled, and entitled to benefits. The Appeals Council took up the case on its own motion, and reviewed the record, considering also reports from an orthopedic surgeon who, at the request of the Council, examined the various medical reports and, without seeing the plaintiff, concluded that he was employable. It reversed the administrative law judge's decision and denied benefits.
 
 
 2
 On appeal, the district court held that consideration of the surgeon's reports was improper, relying on Lonzollo v. Weinberger, 534 F.2d 712 (7th Cir. 1976), which held that reliance on reports, received by the Appeals Council without affording an opportunity for cross-examination, violated the statutory right to a decision "on the basis of the evidence adduced at the hearing." 42 U.S.C. § 405(b).[1] However, the court held that even if the surgeon's reports were wholly disregarded, there was still substantial evidence to support the decision of the Appeals Council, and therefore upheld the denial of benefits. This appeal challenges that determination.
 
 
 3
 Plaintiff has a sixth-grade education, and has no training in any skill or craft. Until 1972, he was employed at various times as a construction worker, factory laborer and assembly-line worker. The two vocational experts who considered the plaintiff's case noted that he has no skills from his past work which would be transferable to a new job, but that he has average intelligence, dexterity and coordination.
 
 
 4
 The plaintiff has a bullet lodged in his spine, as well as metal clips from an operation performed in 1966. The operation removed his left kidney and spleen, damaged in the gunshot accident. It is unclear whether these problems are causing any of plaintiff's present symptoms, but they make it impossible for him to engage in manual labor, because of the risk of dislodging the bullet and causing further damage. At least two employers have refused to hire Beavers for this reason.
 
 
 5
 In 1972, plaintiff began suffering the pain in his back, legs and head which is the primary basis for his claim of disability. He was fired because he was missing so much work, and since then has been hospitalized several times, complaining of incapacitating back and leg pain and headaches. A formidable series of medical tests have been performed on him, and though they were in the main inconclusive, there is clear evidence that plaintiff is suffering from arthritis and degenerative disc disease, and that he has severe curvature of the spine. The doctors' reports are in total agreement that plaintiff can not return to his former work, and further can not work at any job requiring lifting, bending, standing or sitting for extended periods of time.
 
 
 6
 Plaintiff testified at the hearing and further amplified the effects of his physical problems. He testified that pain keeps him from sleeping. If he bends over or kneels down, his back or his knees "lock," and he is unable to move without assistance. He can not sit or stand for extended periods, and has to constantly shift his position to ease the pain. When he has to stand, his legs go numb, and at times he has fallen. Pain is constant, but it is frequently so acute that he has to go to bed for two or three days at a time. Painkillers have been prescribed which provide enough relief that he can do some chores around the house, but he wears a back brace whenever he is out of bed. Beavers' testimony was corroborated by an affidavit submitted by his wife.
 
 
 7
 The evidence militating against a finding of total disability includes the opinion of one of claimant's doctors, suggesting that he be rehabilitated, since his "arms are perfectly good," and the testimony of a vocational expert who opined that the claimant should be able to perform the work of a telephone soliciter, telephone collection clerk, ticket seller, or bench assembly worker, jobs which were available both locally and in the national economy. Further evidence (or rather, lack of evidence) supporting a conclusion that plaintiff is not disabled is the fact that the medical evidence does not show a serious injury or disease which would readily account for the existence of disabling pain.
 
 
 8
 The Appeals Council concluded that "the medical evidence does not reveal that the claimant has a significant physical or mental impairment or combination of impairments which would preclude him from performing any substantial gainful activity." This is true as far as it goes, and if the medical evidence were all that the administrative law judge had considered in finding that plaintiff was disabled, the decision of the Appeals Council would be supported by substantial evidence. But the administrative law judge also had before him the personal testimony of the claimant, which, if believed, establishes beyond a doubt that he was totally disabled.
 
 
 9
 This is not a case in which there were complex conflicts in the evidence to be resolved by the Secretary. The medical evidence clearly establishes some disability; the only issue is the extent of the disability whether the disability is extensive enough to keep Beavers from working. The crucial factor is Beavers' credibility. If he is believed, his testimony together with the medical evidence clearly established total disability, since the Appeals Council has identified no job which could be performed by a man in constant pain, who must spend a day or two virtually every week in bed, is prone to fall, and cannot lift, bend, lean over, or sit or stand for extended periods of time. If he is not believed, then the medical evidence alone would not seem to establish total disability, and the vocational expert's conclusion that he could perform a light, sedentary task would be entirely reasonable.
 
 
 10
 In rejecting the administrative law judge's decision, the Appeals Council did not state expressly that plaintiff's testimony concerning his suffering and limitations arising from it was not credible. It stated only that it had "carefully considered claimant's complaint of pain. However, the social security regulations require that while the claimant's complaint of severe pain may be indicative of an important factor causing functional loss, it must be associated with relevant abnormal findings, not present in this case." We are at a loss to understand this statement. The Appeals Council does not appear to be saying it does not believe claimant, but rather that a necessary predicate to considering his testimony, "relevant abnormal findings," is absent. Yet there are clearly relevant, medical "abnormal findings" in evidence, establishing a bona fide physical problem which could be the source of his difficulties. There is no requirement that the underlying medical basis for subjective complaints of pain clearly indicate that such pain would be inevitable. If that were the case, there would be no occasion for subjective, personal testimony in a disability hearing, and a person with pain which eludes precise diagnosis would be excluded from the protection offered by the Social Security disability system. Pain is a highly subjective phenomenon, and each person has an individual "threshold of pain," beyond which he or she is unable to ignore pain and function normally. Determining in an individual case whether suffering has exceeded that threshold, rendering the individual disabled, is necessarily a personal inquiry, and depends heavily on the credibility of the claimant. The plaintiff in this case has provided the Secretary with extensive medical evidence establishing the existence of several physical problems, including a foreign object lodged in his spine, a missing kidney and spleen, degenerative disc disease and arthritis. He has documented a long history of fruitless treatment for severe headaches and leg and back pain. The extent to which these physical problems have resulted in total disability requires further inquiry into the subjective personal testimony by the plaintiff describing his pain.
 
 
 11
 Although it does not say so explicitly, the Appeals Council could have been following a different path in rejecting the plaintiff's testimony. Its opinion could be interpreted as holding that given the apparently minor abnormalities demonstrated by the medical evidence, Beavers' testimony about his pain was simply not credible. If this was in fact its reasoning, we again conclude that the result is not supported by substantial evidence.
 
 
 12
 It is beyond dispute that the Appeals Council, and the Secretary, have the power to conclude that testimony, even if uncontradicted in the record, is not credible, since the Secretary is entrusted with the duty of making all findings of fact. Since the statutorily-mandated deference to findings of fact runs in favor of the Secretary, not the administrative law judge, the Appeals Council has the power to do so even if the administrative law judge has determined otherwise. Nevertheless, this Court still has the responsibility of determining whether there is substantial evidence to support the Appeals Council's decision, and when the administrative law judge has concluded that a witness's testimony is credible, that is an important factor to consider.[2] The notion that special deference is owed to a credibility finding by a trier of fact is deeply imbedded in our law. The opportunity to observe the demeanor of a witness, evaluating what is said in the light of how it is said, and considering how it fits with the rest of the evidence gathered before the person who is conducting the hearing, is invaluable, and should not be discarded lightly.
 
 
 13
 If an Appeals Council decides to reject the credibility findings of an administrative law judge, or to disregard testimony which was clearly central to the administrative law judge's determination, it should do so expressly, identifying the considerations which led it to its conclusion. Combs v. Weinberger, 501 F.2d 1361 (4th Cir. 1974). The decision we review today is not so clear, but it seems to be based on a rejection of the plaintiff's testimony because the medical evidence is too thin to corroborate it. We do not believe this is substantial evidence. The medical evidence is consistent with a painful disorder, the plaintiff's testimony was wholly corroborated by his wife's affidavit, and there is no hint anywhere of exaggeration or malingering on the plaintiff's part. He has never refused treatment of any kind, and indeed sought out further medical opinion when the treatment prescribed by his first doctor failed to relieve his pain. Added to this is the fact that the administrative law judge plainly believed and relied upon the plaintiff's testimony.
 
 
 14
 The determination of whether there is substantial evidence to support the findings of the Secretary depends on the record as a whole. We may not focus and base our decision entirely on a single piece of evidence, and disregard other pertinent evidence.
 
 
 15
 Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978). Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the "substantiality of evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. N.L.R.B., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951). That case admonished the courts that they are not to "abdicate the conventional judicial function" in reviewing administrative decisions, in spite of the narrow scope of review. Furthermore, the Supreme Court considered the situation in which a hearing officer had reached factual conclusions at odds with those of the Secretary. Reviewing courts are to "recognize that evidence supporting a conclusion may be less substantial when an impartial, experienced examiner who has observed the witnesses and lived with the case has drawn conclusions different from the (Secretary's) than when he has reached the same conclusion. The findings of the examiner are to be considered along with the consistency and inherent probability of testimony. The significance of his report, of course, depends largely on the importance of credibility in the particular case." Id. at 496, 71 S.Ct. at 469.
 
 
 16
 We emphasize that we do not hold that the administrative law judge's determinations of credibility based on demeanor are conclusive on the Secretary. The Secretary has the ultimate responsibility for factual determinations. He should and does have more leeway in making findings and in rejecting the findings of an administrative law judge than does an appellate court in reviewing the decisions of a trial judge or jury. Nevertheless, his conclusion must not be based on less than substantial evidence, a test which is imprecise, but probably affords as much clarity as is possible.
 
 
 17
 If the Appeals Council concludes that it must disagree with the credibility findings of an administrative law judge, then it may do so, but only if there is substantial evidence undercutting the reliability of the testimony, evidence which "a reasonable mind might accept as adequate to support a conclusion" that the administrative law judge was wrong about the credibility of the witness, in spite of the advantage of having heard the testimony and lived with the case. Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126 (1938). No such evidence supports the determination of the Appeals Council in this case. We therefore remand this case, directing that benefits be granted.
 
 
 
 [1]
 The Secretary has not cross-appealed the propriety of the district court's determination that the surgeon's report should not have been considered. We express no opinion as to that issue
 
 
 [2]
 In granting benefits to the plaintiff, the administrative law judge used a "short form" preprinted opinion, prescribed for use only in cases in which the evidence is very clear. The district judge concluded that because the administrative law judge used the "short form," without an express statement of reliance on plaintiff's credibility, it was impossible to determine whether the administrative law judge had in fact relied on plaintiff's credibility in reaching his conclusions. We disagree, because we think it clear that the administrative law judge would not have reached the conclusion he did, "wholly favorable to the claimant," had he not accepted and relied heavily on the claimant's credibility. An express finding that the administrative law judge considered the claimant's testimony to be reliable would have been no clearer than the implicit acceptance reflected in the result