**Holly DANIEL, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**Civ. A. No. 83CV–6162–AA.**

United States District Court, E.D. Michigan, S.D.

Oct. 29, 1986.

Lawrence M. Halman, Southfield, Mich., for plaintiff.

Ellen G. Ritteman, Asst. U.S. Atty., Detroit, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

JOINER, Senior District Judge.

This matter comes before the court on plaintiff's motion for a new trial pursuant to Fed.R.Civ.P. 59. Notwithstanding plaintiff's designation of this motion, because no trial was ever held on this matter, this motion is more properly labeled a motion to reconsider pursuant to Local Rule 17(m), and the court will treat this motion as such.

On September 23, 1982, the Administrative Law Judge ("ALJ") originally assigned to plaintiff's claim for benefits denied plaintiff's disability claim, and on March 31, 1983, the Appeals Council denied plaintiff's request for review. On October 31, 1983, U.S. Magistrate Paul J. Komives recommended that this claim be remanded for a *de novo* hearing because improper legal standards were applied by the ALJ. Consequently, On December 22, 1983, this court ordered this action remanded for further administrative action.

After holding a new hearing, the ALJ concluded that plaintiff was disabled as defined in the Social Security Act, and she was therefore entitled to benefits. However, on May 15, 1985, the Appeals Council reversed this decision, concluding that plaintiff had failed to meet the test of impairment, and more specifically, that she did not have a diastolic pressure exceeding 100 mmHg. as of the date last insured (which would support plaintiff's claim that she suffered from uncontrollable hypertension). In addition, the Appeals Council found that plaintiff's allegations of disability were not supported by the medical evidence, and were, therefore, not credible.

On March 7, 1986, Magistrate Komives concluded that the Appeals Council's findings as to plaintiff meeting the test of impairment was supported by substantial evidence. However, the magistrate concluded that because the ALJ made no finding as to credibility, the Appeals Council should not have concluded that plaintiff's allegations of disability were not credible. He recommended that this matter be remanded for the purposes of completing the record as to credibility. However, on June 4, 1986, this court rejected the magistrate's recommendation and affirmed the Appeals Council, concluding that the Council could properly determine credibility pursuant to *Beavers v. Secretary of Health, Education and Welfare,* 577 F.2d 383 (6th Cir.1978).

Plaintiff has filed a motion for reconsideration of this court's June 4, 1986, order, requesting that plaintiff be granted summary judgment, or in the alternative, that this court adopt the magistrate's recommendations and remand this matter for further action. For the reasons stated below, plaintiff's motion is denied.

## DISCUSSION

Plaintiff contends that according to *Beavers*, the Appeals Council may disagree with the credibility findings of an ALJ only if there is "substantial evidence" undercutting the ALJ's credibility findings. 577 F.2d at 387–388. Plaintiff argues that the ALJ made an implied finding that plaintiff's testimony was credible, and that the Appeals Council did not have evidence which contradicted the ALJ's findings to the requisite degree. Defendant responds that the instant motion was served more than 10 days after this court's June 4, 1986, order, therefore it is untimely and should be denied.[1]

A reading of the ALJ's findings leaves no doubt that a determination as to the credibility of plaintiff's allegations of disability was not made,[2] therefore plaintiff's "implied finding of credibility" position is without merit. This leaves this court with a question of first impression, being whether the Appeals Council is free to make a credibility determination as to a claimant's testimony when the ALJ has made no such determination.

While the court in *Beavers* did not address this specific question, the following language is instructive:

It is beyond dispute that the Appeals Council, and the Secretary, have the *power* to conclude that testimony, even if uncontradicted in the record, is not credible, since the Secretary is entrusted with the duty of making all findings of fact. Since the statutorily-mandated deference to findings of fact runs in favor of the Secretary, not the administrative law judge, the Appeals Council has the power to do so even if the administrative law judge has determined otherwise. Nevertheless, this Court still has the responsibility of determining whether there is substantial evidence to support the Appeals Council's decision, and when the administrative law judge has concluded that a witness's testimony is credible, that is an important factor to consider. The notion that special deference is owed to a credibility finding by a trier of fact is deeply imbedded in our law. The opportunity to observe the demeanor of a witness, evaluating what is said in the light of how it is said, and considering how it fits with the rest of the evidence gathered before the person who is conducting the hearing, is invaluable, and should not be discarded lightly.

577 F.2d at 386–387 (emphasis in original). This excerpt seems to stress two points: first, the Appeals Council has the authority to make credibility determinations; second, decisions reached by the Appeals Council should be supported by substantial evidence, particularly when in conflict with determinations made by the ALJ. Given these factors, this court concludes that where an ALJ has not ruled on the question of the credibility of a claimant's testimony, the Appeals Council is free to rule on the credibility question. If the Appeals Council makes such an initial determination, it may be reviewed by the magistrate and the district court to determine if it is supported by substantial evidence.

1. Defendant's argument is totally without merit. According to Fed.R.Civ.P. 6(a), when time limits are under 11 days (and both motions for a new trial and to reconsider have 10–day time limits), Saturdays and Sundays are not included. Calculating the applicable time limits, plaintiff had until June 18, 1986, to serve the motion, and it is not denied that defendant was served with this motion before that date.

2. The reason for this lack of a credibility determination is most likely that the ALJ concluded that the medical evidence was sufficient to support a disability determination, therefore there was no need to investigate the validity of plaintiff's subjective complaints.

■ This court concluded on June 4, 1986, that the Appeals Council's conclusions were supported by substantial evidence, and plaintiff has provided no new evidence to impeach this conclusion.

Accordingly, because plaintiff has failed to demonstrate a palpable defect in this court's June 4, 1986, ruling, plaintiff's motion is DENIED.

SO ORDERED.