815 F.2d 703
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Wardell FARR, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 86-1180.
 United States Court of Appeals, Sixth Circuit.
 March 2, 1987.
 
 Before KEITH, KRUPANSKY and GUY, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiff-appellant Wardell Farr appeals from a final order affirming the Secretary's denial of his application for Social Security benefits. His application for benefits, filed July 27, 1983, alleged that he has been unable to work since October of 1982 due to low back injury and a herniated disc. Appellant's claim was denied initially and on reconsideration. Appellant's request for a hearing before an Administrative Law Judge ("ALJ") was dismissed due to the appellant's failure to appear. The Appeals Council later vacated the dismissal and remanded the case. An ALJ then determined on April 15, 1985, that the appellant was not disabled. The ALJ's decision was made final by the Appeals Council on June 5, 1985. The appellant then brought this action in the district court, which affirmed the Appeals Council's decision.
 
 
 2
 The appellant is forty years old and was thirty-six years old at the onset of his claimed disability. He alleged that in April, 1982, he sustained an injury to his back while working as a truck driver and furniture delivery man for Corey Dinette, a furniture company. The pain resulting from the back injury forced the appellant to stop work on October 5, 1982. Several hospital stays and examinations by physicians revealed some spinal nerve root damage and disc decompression. Appellant underwent surgery in September, 1984 to correct both problems.
 
 
 3
 In testimony before the ALJ, the appellant testified that he still had constant pain in the lower portion of his left leg. He also testified that he suffered intermittent back pain. In addition, he testified that the pain intensified if he undertook such activities as working around the house, shoveling snow or mowing the lawn. He testified that he was able to stand for up to an hour and sit for a few hours.
 
 
 4
 The sole issue on appeal is whether the Secretary's decision to deny benefits is supported by substantial evidence. The ALJ determined that the appellant had the residual functional capacity to perform the full range of sedentary work. See 20 CFR Sec. 404.1567. Specifically, the ALJ made findings that the appellant's subjective complaints of pain and limitation did not appear to be credible. He also found that the appellant had the residual functional capacity to perform work not involving heavy lifting and carrying or prolonged standing and walking.
 
 
 5
 The appellant argues on appeal that the ALJ erroneously relied solely upon personal observation to arrive at his determination of the appellant's credibility as to pain. See e.g. Aubeuf v. Schweiker, 649 F.2d 107, 113 (2nd Cir.1981). We disagree. An ALJ may rely on the demeanor and manner of testimony of a Social Security benefits claimant as a basis for his decision. See Beavers v. Secretary of Health, Education and Welfare, 577 F.2d 383, 387 (6th Cir.1976); Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 539 (6th Cir.1981), cert. denied, 461 U.S. 957 (1983); Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir.1984). The findings of the ALJ on the basis of demeanor are to be considered "along with the consistency and inherent probability of testimony". Beaver, 577 F.2d at 387. Here, the ALJ relied not only on the demeanor of the appellant at the hearing, but also on his evaluation of the medical evidence in the record. Our reading of that evidence supports the ALJ's finding that appellant's allegations of pain were not credible. We thus cannot conclude that the Secretary's finding on credibility lacked the support of substantial evidence in the record.
 
 
 6
 The appellant also asserts that the use by the ALJ of the Medical-Vocational Guidelines, known as the "Grid", was inappropriate given the appellant's alleged, non-exertional impairment of pain. See 20 C.F.R. Sec. 404, Subpart P, Appendix 2. While the appellant's contention has merit, his ability to do sedentary work was confirmed by the opinion of his treating physician and the testimony of a vocational expert. Since both were in the record before the ALJ, we hold that the ALJ's finding on this point was supported by substantial evidence.
 
 
 7
 Accordingly, the judgment of the district court is AFFIRMED.