822 F.2d 59
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Orville FLEMING, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 86-3372
 United States Court of Appeals, Sixth Circuit.
 July 2, 1987.
 
 N.D. Ohio
 AFFIRMED.
 On Appeal from the United States District Court for the Northern District of Ohio.
 Before KEITH and NORRIS, Circuit Judges, and PECK, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Plaintiff-Appellant appeals the denial of his application for disability insurance benefits under Sections 216(i) and 223 of the Social Security Act, 42 U.S.C. Sec. 416(i); 42 U.S.C. Sec. 423. Because there is substantial evidence in the record to support the decision of the Administrative Law Judge (ALJ), we AFFIRM the summary judgment of the district court affirming the ALJ's decision.
 
 
 2
 Appellant filed an application for a period of disability and disability insurance benefits in December, 1977. An ALJ denied his application, relying partly on demeanor evidence which, in his view, refuted appellant's claims of disability. An appeal to Judge Thomas D. Lambros of the United States District Court for the Northern District of Ohio resulted in a remand on the grounds that: (1) the ALJ did not amply support his demeanor-based determination of appellant's credibility; and (2) no vocational expert testified in support of the ALJ's conclusion that jobs were available for the appellant. Upon remand, the ALJ again denied appellant's claim. A second appeal was sought and Judge Lambros remanded on the ground that the ALJ 'improperly considered as substantive evidence' his 'personal observations of plaintiff's demeanor.' The ALJ denied disability for a third time, but the Appeals Council remanded since neither appellant nor his lawyer were given an opportunity to appear at the hearing. Upon remand, the ALJ denied disability for a fourth time. In the first three hearings before the ALJ, the ALJ determined that appellant had a severe impairment, although he was capable of work. In the fourth hearing, the ALJ determined that appellant did not have a severe impairment. After the fourth hearing, appellant moved to reopen his case in the district court. In February, 1986 a federal magistrate concluded that the record offered 'no reasonable support for appellant's extreme subjective complaints [of pain]' and denied appellant's disability claim. The district court adopted the Magistrate's report.
 
 
 3
 Appellant, 56 years of age, testified of constant, radiating pain in his lower back and legs. He stated that he took Darvon every three hours, used traction, did little around the house, drives occasionally and uses a lawn mower once a month. The medical evidence included the report of a Dr. Strain which had negative results (no neurological evidence of pain), the report of treating physician Dr. Bittman who concluded that appellant's complaints were completely subjective, the report of Dr. Hoke which diagnosed appellant's condition as 'chronic lumbar strain' and the report of a Dr. Collins who noted some limitations on range of motion, but opined that they were the result of tension. A Dr. Faymore completed a questionnaire which noted difficulty with 'the spine in acts of motion' but also reported full range of motion in the arms and legs. Dr. Faymore's diagnosis was osteoarthritis of the spine, chronic lumbosacral strain and chronic cervical strain. Appellant has a sixth-grade education and limited vocational experience as a farm worker, coal miner and general laborer in the steel mills. He last worked in 1976. He receives black lung disability benefits.
 
 
 4
 In essence, appellant claims eligibility for disability benefits as a result of pain. The proper standard for evaluating pain is set out in the Security Disability Benefits Reform Act of 1984. The pertinent statute states:
 
 
 5
 An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph (including statements of the individual or his physician as to the intensity and persistence of such pain or other symptoms which may reasonably be accepted as consistent with the medical signs and findings), would lead to a conclusion that the individual is under a disability. Objective medical evidence of pain or other symptoms established by medically acceptable clinical or laboratory techniques (for example, deteriorating nerve or muscle tissue) must be considered in reaching a conclusion as to whether the individual is under a disability.
 
 
 6
 42 U.S.C. Sec. 423(d)(5)(A).
 
 
 7
 Appellant asserts that in order to establish disability based on pain, a claimant must provide objective evidence of an impairment that could cause pain. The district court erred, they argue, in requiring objective evidence of the pain itself. The district court also erred by completely disregarding appellant's subjective testimony of pain. Appellant argues that these errors are compounded by the fact that the district court found Fleming's testimony to be credible on the first remand but then, 'inexplicably', affirmed the ALJ's contrary conclusion in subsequent decisions. Appellant argues in sum that '[m]edical evidence need not identify an impairment that would make the pain inevitable', citing Beavers v. Secretary of Health, Education and Welfare, 577 F.2d 383 (6th Cir. 1978). Rather, appellant contends that the evidence must show only that his pain is reasonably consistent with medically determinable impairments.
 
 
 8
 We disagree. In Duncan v. Secretary of Health and Human Services, 801 F.2d 847 (6th Cir. 1986), this court laid out the proper steps to analyze pain under 42 U.S.C. Sec. 423(d)(5)(A):
 
 
 9
 First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain. [. . ..] As with any other fact finding, our review is limited to ensuring that substantial evidence supports the findings.
 
 
 10
 Duncan, 801 F.2d at 853.
 
 
 11
 In this case, the ALJ determined in three out of four hearings that appellant had a severe impairment. Assuming that determination to be valid, appellant then had the burden of a) providing objective medical evidence confirming the severity of his pain or b) providing evidence that his condition was so severe as to be reasonably expected to produce disabling pain. Id. On the record, we find that appellant did not meet that burden. Rather, the evidence supports the ALJ's conclusion that appellant's pain is not as severe as he claims. Two examining physicians, Strain and Collins, found no neurological disease which could be reasonably expected to produce disabling pain. Appellant's treating physician, Dr. Bittman found appellant's complaints of pain to be without objective support. The lack of objective medical evidence, in tandem with the physicians' reports, is thus substantial evidence in support of the ALJ's findings that appellant was not disabled.
 
 
 12
 In light of the foregoing, we AFFIRM the decision of the Honorable Thomas D. Lambros granting appellee's motion for summary judgment.