Elaine I. McCORMICK, Plaintiff,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.

No. 85–CV–40301–FL.

United States District Court, E.D. Michigan, S.D.

July 21, 1987.

Brian M. Barkey, Flint, Mich., for plaintiff.

Robert W. Haviland, Asst. U.S. Atty., Flint, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

NEWBLATT, District Judge.

This is an action for judicial review pursuant to 42 U.S.C. § 405(g) of the Secretary's decision denying plaintiff Social Security Disability Benefits. The Magistrate has recommended granting plaintiff's Motion for Summary Judgment and the government has objected. The relevant facts follow.

Plaintiff has claimed a disability due to problems with her right ankle and recurring migraine headaches. After reviewing the first administrative hearing, this action was remanded to the Secretary "for further development of the record as to plaintiff's migraine headaches," (Memorandum Opinion and Order, January 30, 1986, p. 2), because of the difficulty in quantifying objectively the pain and other effects that are associated with migraine headaches. At the second hearing, Administrative Law Judge (ALJ) Runyan reconsidered all of the evidence that was evaluated previously by the first ALJ along with a new report submitted by Dr. Vanasupa dated April, 1986. After the supplemental hearing, plaintiff was again denied benefits. The

Appeals Council further considered a late report submitted by Dr. Bhrany which it received in late August.[*]

Dr. Vanasupa's report did not really address plaintiff's complaints of migraine headaches except to state that examination of the cranial nerves was negative as were the neurological findings (Tr. 250). Similarly, Dr. Bhrany noted that plaintiff's cranial nerve examination was normal as were her motor, sensory and cerebellar function testing (Tr. 271). Dr. Bhrany's description of plaintiff's migraines appears to be based on plaintiff's own description: "Sometimes she may have these headaches three days in a row and then have [sic] none for two or three weeks at a time ... [t]here is associated severe nausea and throbbing ... [s]he takes Midrin which does help off and on, but if it doesn't help then *she ends up taking Cafergot* suppository and Tigan ... [which] do seem to help ... [s]tress seems to precipitate the headaches. *She thinks that* in addition to stress, anti-arthritic drugs, that is Clinoril, may be contributing to her headaches" (Tr. 270) (emphasis added). He concluded that plaintiff suffers from vascular, migraine-type headaches that seem to be relieved by Cafergot. He also made other prescriptive recommendations. He was unable to determine whether or not the headaches were posttraumatic; his review of the May, 1984 CT scan found it to be normal (Tr. 271).

Plaintiff testified that she was not aware of exactly what caused her headaches. She stated that at first she believed they were caused by her medication and then by the food she was eating; now, she does not know to what she should attribute them, speculating that it may be stress or allergies (Tr. 229). Plaintiff claimed that the Midrin helped, but some of her other medications have had side effects.

As noted above, the ALJ found that plaintiff did not suffer from a disability. As to plaintiff's headaches, the ALJ determined that her subjective complaints of pain were not credible in view of her daily activities, the objective medical evidence and the personal observations of physicians of record and the ALJ (Tr. 194, # 4). He also found that even considering plaintiff's non-exertional limitations, she would still be able to perform certain jobs identified by the vocational expert (Tr. 195).

The Magistrate first noted that the applicable standard was based on the pre-statutory case law since the sunset provision took effect as of December 31, 1986 and the Appeals Council's decision was dated January 21, 1987. Next, the Magistrate reasoned that, pursuant to the pre-Reform Act cases addressing subjective complaints of pain, plaintiff's testimony, which was supported by medical evidence, sufficed in making out plaintiff's *prima facie* case. *See King v. Heckler,* 742 F.2d 968 (6th Cir.1984); *Kirk v. Secretary,* 667 F.2d 524 (6th Cir.1981), *cert. denied,* 461 U.S. 957, 103 S.Ct. 2428, 77 L.Ed.2d 1315 (1983); *Allen v. Califano,* 613 F.2d 139 (6th Cir. 1980); and, *Beavers v. Secretary of Health, Education and Welfare,* 577 F.2d 383 (6th Cir.1978). The Magistrate used these cases to conclude that there was no substantial evidence on the record to support a finding that plaintiff was not disabled. Rather, that the medical evidence, along with plaintiff's testimony, supported that plaintiff suffered from debilitating headaches that precluded her from undertaking any gainful employment (Mag. R & R 5).

The Secretary objects primarily to the pain standard used by the Magistrate arguing that the proper standard should be the one enunciated in the legislative history of the Reform Act and in the cases that have interpreted the Act inasmuch as the Act was intended to have been a codification of the existing case law. The government further argues that, even assuming that the pre-Reform Act law is the proper standard to be used in evaluating subjective complaints of pain, plaintiff still would not be considered disabled.

---

[*] It should be noted that plaintiff did not seek review by the Appeals Council within the prescribed time. The record had been held open for Dr. Bhrany's report which was not forthcoming within the allotted time.

At the outset, it should be noted that the expiration of the statutory standard has created some confusion, a portion of which is evident here. While by implication it would seem natural to look to the pre-Reform case law for the appropriate standard, the government's position is more persuasive. It would be illogical to ignore the body of law that has developed interpreting the pain standard, as well as the reasons for instituting it. Further, the government notes correctly that this standard was a codification of the existing law. Thus, for the foregoing reasons and those stated in the government's brief, the Court will apply the standard set forth in *Duncan v. Secretary*, 801 F.2d 847 (6th Cir.1986).

Under this approach, symptoms such as pain do not conclusively establish disability. Rather, there must be medical signs or other findings that confirm that there is a medical condition to which the pain can be attributed. Further, this medical condition when considered with the other evidence of record, would lead to a conclusion that the individual suffers from a disability. When a complaint of pain is not supported fully by objective medical findings, consideration is given to the frequency and duration of the pain, other precipitating and aggravating factors, the effect on claimant's activity, the effect of medications, and the recorded observations about the pain by both physicians and agency personnel. *See* Social Security Ruling 82–58.

It should be emphasized that this case was remanded for the purpose of developing the record on plaintiff's headaches since these types of headaches are not traced easily to an objective medical condition. On remand, there were two additional medical reports to consider and limited additional testimony. The ALJ considered only one of these medical reports before reaching his conclusion. The majority of his opinion instead addressed plaintiff's ankle condition. The Appeals Council considered the second report and noted that there was no objective medical evidence to support plaintiff's complaints of pain (Tr. 177–78). Further, the Appeals Council also pointed to the ALJ's mention of plaintiff's six-month trip to Florida, during which time she did not consult a physician for her pain. Finally, the Appeals Council reported that plaintiff's physicians confirmed that plaintiff's headaches were relieved by medication.

Substantial evidence is such evidence that would lead a reasonable mind to conclude that something occurred. It is more than a mere scintilla. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). The Court is not supposed to reconsider the evidence de novo to see if it would reach a different conclusion, rather, it must limit its review to determining whether the Secretary's decision is supported by substantial evidence. Here, plaintiff was given an opportunity to expand the record concerning her headaches. Her report from Dr. Bhrany was late and she failed to even request review by the Appeals Council. Further, the Appeals Council did review the late report as well as the other evidence of record in concluding that plaintiff was not disabled. Thus, for the reasons stated,

IT IS ORDERED that the Magistrate's Report and Recommendation is REJECTED; defendant's Motion for Summary Judgment is GRANTED, and plaintiff's Motion for Summary Judgment is DENIED. Plaintiff's Complaint is HEREBY DISMISSED.