848 F.2d 188
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James BARNHART, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendants-Appellees.
 No. 87-1532.
 United States Court of Appeals, Sixth Circuit.
 June 8, 1988.
 
 Before WELLFORD and DAVID A. NELSON, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff James Barnhart appeals the summary judgment order of the district court which affirmed the Secretary's decision to deny his application for social security disability benefits. For the reasons stated herein, we conclude that Barnhart is entitled to receive benefits.
 
 
 2
 Barnhart filed his application for disability benefits on March 5, 1985, alleging that he became disabled January 1, 1985, due to emphysema. His application was denied initially and upon reconsideration. He then received an administrative hearing.
 
 
 3
 At the hearing held on December 17, 1985, Barnhart testified that he was 45 years old, had a ninth grade education, and last worked in December 1984 as a truck driver and common laborer. Barnhart stated that he had experienced breathing problems due to emphysema for the last fourteen years and quit work only when his respiratory difficulties made even mild exertion impossible. He testified that he engages in very little activity due to severe shortness of breath. Mrs. Barnhart's testimony corroborated her husband's breathing problems and his resulting inability to do most, if not all, household tasks.
 
 
 4
 Medical evidence consisted of three doctors' reports, as well as pulmonary function and blood gas test results. Dr. Nickhah, Barnhart's first treating physician, diagnosed severe emphysema in a brief report which referenced pulmonary function and blood gas study results. Dr. Nickhah referred Barnhart to Dr. Tayyab, an internist, for further treatment in March 1985. Dr. Tayyab began seeing Barnhart two or three times per month. Dr. Tayyab diagnosed severe chronic obstructive pulmonary disease. He noted that Barnhart exhibited shortness of breath at rest and that his difficulty increased greatly upon mild exertion. Dr. Tayyab found that Barnhart responded poorly to bronchodilators. Based upon Barnhart's dyspnea, hypoxia revealed by blood gas studies, and severe obstruction shown in pulmonary function tests, Dr. Tayyab concluded that Barnhart had "significantly symptomatic COPD [chronic obstructive pulmonary disease], responding poorly to treatment" and that Barnhart was "not a candidate for gainful fulltime employment."
 
 
 5
 In June 1985 Dr. Anderson examined Barnhart for the Social Security Administration. In relevant part Dr. Anderson found hyper-resonance to percussion throughout the chest and bronchi, and very shallow breathing. He noted that diaphragmatic movement was very difficult to detect. Dr. Anderson diagnosed chronic obstructive pulmonary disease. He expressed no opinion about disability.
 
 
 6
 A pulmonary function test performed February 20, 1985, was interpreted as showing severely reduced volumes and total lung capacity. The doctor who interpreted the test found "severe obstructive ventilatory defect with variable effort." Blood gas studies performed the same date revealed arterial hypoxemia and inadequate hemoglobin saturation due to elevated carbon monoxide hemoglobin saturation level. In June 1985 a second pulmonary function test performed by Dr. Anderson showed better results, but still revealed a moderate respiratory obstruction.
 
 
 7
 In November 1985 Barnhart was treated in an emergency room for acute respiratory insufficiency. He was hospitalized on February 12, 1986, due to severe respiratory distress and acute exacerbation of chronic obstructive pulmonary disease with severe bronchospasm and hypoxia. Blood gas studies at the time were so poor as to meet the standard for a listed impairment under Social Security regulations, but rose above that level after administration of oxygen. He was discharged on February 16, 1986. (Although this episode occurred after the administrative hearing, it was considered by the Appeals Council in its review of the matter.)
 
 
 8
 Dr. Smith, a vocational expert, testified that if Barnhart could perform sedentary work there would be 6000 bench assembly, packaging, or inspection jobs in southeastern Michigan. However, he also stated that if one took into account the type of breathing difficulty Barnhart exhibited at the hearing, there would be no work activity he could perform.
 
 
 9
 The ALJ found that Barnhart was disabled on the basis of the uniform medical evidence and opinions that he had severe chronic obstructive pulmonary disease, Barnhart's testimony and apparent symptoms of respiratory difficulty at the hearing, and Barnhart's non-exertional limitations regarding adverse weather and atmospheric conditions.
 
 
 10
 The Appeals Council reviewed the ALJ's decision on its own motion. The Appeals Council agreed that Barnhart had a severe impairment. However, it found that Barnhart was capable of sedentary work which required minimal walking or standing and which did not involve adverse dusty or polluted environments. Based upon the vocational expert's testimony, the Appeals Council found there were 6000 jobs in southeast Michigan compatible with these limitations. In this connection the Appeals Council cited and relied on Social Security Ruling 85-15 which provides that most job environments do not involve exposure to excessively adverse atmospheric conditions. The Appeals Council did not credit Dr. Tayyab's opinion that Barnhart was totally disabled, asserting that his opinion was not substantiated by objective medical evidence. Thus, the Appeals Council determined that Barnhart was not disabled.
 
 
 11
 Barnhart then initiated a civil action in district court. The Magistrate to whom the case was assigned recommended reversal of the Appeals Council's decision on the basis that substantial evidence did not support the decision. He relied on the unequivocal findings of severe disease by the treating physicians who based their opinions on objective medical evidence. Moreover, the Magistrate found that the Appeals Council did not give proper weight to the ALJ's credibility determinations based on his first-hand observation of the witnesses.
 
 
 12
 The district court, however, without explanation granted summary judgment for the Secretary. Barnhart timely appealed.
 
 
 13
 In a case such as this in which the Appeals Council has reversed the ALJ's decision, our review is limited to determining whether the Appeals Council's decision is supported by substantial evidence. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir.1986) (en banc). This is not to say, however, that the ALJ's decision is insignificant. The credibility determination of the ALJ who has personally observed the witnesses is an important factor in determining whether there is substantial evidence to support the Appeals Council's decision. Id. at 545 (citing Beavers v. Secretary of Health, Education and Welfare, 577 F.2d 383, 387 (6th Cir.1978)). As stated in Beavers, "[t]he opportunity to observe the demeanor of a witness, evaluating what is said in the light of how it is said, and considering how it fits with the rest of the evidence gathered before the person who is conducting the hearing, is invaluable, and should not be discarded lightly." Id.
 
 
 14
 With this standard of review in mind, we turn to the merits of Barnhart's case. It is well established that the reports and opinions of physicians who have treated a claimant over a period of time are to be given greater weight than those of the government's physician, provided that the treating physicians' opinions are based on objective medical data. Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir.1986). The record shows that both treating physicians, Dr. Nickhah and Dr. Tayyab, agree that Barnhart has severe chronic obstructive pulmonary disease. Their findings are based on objective data obtained from physical examinations and tests. Of particular importance is Dr. Tayyab's opinion of disability. Dr. Tayyab, who saw Barnhart two or three times a month over a lengthy period, based his opinion not only on personal observations and physical examinations, but on the significant hypoxia revealed by blood gas studies and the severe obstruction revealed in pulmonary function tests. Even the government's consultative physician agreed that Barnhart has chronic obstructive pulmonary disease and he did not express any opinion on disability. Although the pulmonary function tests performed by Dr. Anderson in June 1985 were cited by the Appeals Council as showing improved ventilatory capacity, the forced expiratory volume (FEV) and maximum voluntary ventilation (MVV) rates were still so low that the Appeals Council nonetheless admitted that they "alone would indicate that ... the claimant's chronic obstructive pulmonary disease is severe...." Given the unanimous agreement of Barnhart's treating physicians regarding the severity of his disease, Dr. Tayyab's documented and supported opinion of disability, and Dr. Anderson's non-contradictory report, we find that the Appeals Council's decision of no disability is not supported by substantial evidence.
 
 
 15
 Our decision is also influenced by the Appeals Council's total disregard for the ALJ's credibility findings, which credited Barnhart's testimony that he experiences shortness of breath even at rest or following minimal exertion and that he is unable to engage in routine activities over a sustained period of time. The record reflects that both the ALJ and vocational expert personally observed Barnhart's respiratory difficulty while seated and talking at the hearing and found it to be genuine. As noted above, the vocational expert unequivocally stated that, given the type of breathing difficulties exhibited by Barnhart at the hearing, Barnhart would not be able to perform any sedentary work compatible with his background, age, education and training. These observations should not have been "discarded lightly" as they were by the Appeals Council. See Beavers, 577 F.2d at 387.
 
 
 16
 After careful consideration of the above factors, as well as the other points raised by both parties, we hold that substantial evidence in the record does not support the decision of the Appeals Council to deny benefits.[1] We therefore reverse the judgment of the district court and remand this case with instructions to award benefits.
 
 
 
 [1]
 In this connection, we note that the dissenting opinion which asserts that Barnhart's continued smoking supports the Secretary's denial of benefits. However, there is no evidence in the record that, even if Barnhart ceased smoking altogether, his condition would improve and permit him to work. Similarly, although the record notes a general correlation between smoking and decreased effectiveness of bronchodilators, there was no evidence presented that this was true in Barnhart's particular case