860 F.2d 1080
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Stephanie SHEETS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 87-4108.
 United States Court of Appeals, Sixth Circuit.
 Oct. 19, 1988.
 
 Before KENNEDY, BOYCE F. MARTIN, Jr., and NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Sheets appeals from the district court's decision to adopt the report and recommendation of the U.S. Magistrate affirming the final decision of the Secretary of Health & Human Services to deny Sheets's application for a period of disability and disability insurance benefits under sections 216(i) and 223 of the Act, 42 U.S.C. Secs. 416(i) and 423. We affirm.
 
 
 2
 Sheets was injured on October 1, 1980, after slipping on grease at work and falling to the floor. On March 2, 1983, Sheets filed for benefits claiming disability since October 1, 1980 due to pinched spinal nerves and complications. The administrative law judge found that Sheets was not disabled under the direction of Rule 201.25 of the Medical Vocational Guidelines. The Appeals Council adopted the findings of the administrative law judge as the Secretary's final decision.
 
 
 3
 A U.S. Magistrate affirmed the decision of the Secretary stating that substantial evidence supported the findings (1) that Sheets did not experience disabling pain and (2) that Sheets could perform sedentary activity. The Magistrate found, however, that certain additional functional restrictions found by the administrative law judge contradicted the conclusion that Sheets could perform a full range of sedentary activity. The magistrate remanded the action to the Secretary for further medical evidence in the form of (1) additional reports from Dr. Bauer, Sheets's treating physician, (2) an examining physician's report, (3) a 1986 hospitalization record, and (4) vocational evidence from a vocational expert.
 
 
 4
 On remand, the Appeals Council referred the action to an administrative law judge. Based on additional medical exhibits, interrogatory responses from vocational expert Larry G. Kontosh, and the framework of Rule 201.25, the administrative law judge found that Sheets was capable of a range of sedentary work activity that allowed her to perform work existing in significant numbers in the economy, and, therefore, was not disabled. In so holding, the administrative law judge rejected as not credible a report by Dr. Bauer, Sheets's treating physician since 1982. On February 18, 1986, Dr. Bauer issued for the first time a report in which he stated that Sheets was totally and permanently disabled not only for her former work, but "also now for sedentary work." However, his report of June 22, 1983 and his notes of November 20, 1984 reflected that Sheets could perform sedentary work. The report of the vocational expert also reflected that Sheets could perform sedentary work with her additional restrictions, with specific jobs set forth which were adopted by the Secretary. The magistrate affirmed the Appeals Council's acceptance of the administrative law judge's recommendations. He found that Dr. Bauer's report on February 18, 1986, was unsupported by sufficient medical findings and was contradicted by sufficient other evidence to permit the discounting of Dr. Bauer's letter and the conclusion that Sheets was not disabled.
 
 
 5
 Sheets argues that Dr. Bauer's opinion in his February 18, 1986 report is binding on the Secretary; that there was no evidence in the record contrary to Dr. Bauer's 1986 report; and that Dr. Bauer's medical opinion should be given greater weight of authority than other evidence if other evidence is considered as contrary to Dr. Bauer's. We disagree.
 
 
 6
 Pursuant to 42 U.S.C. Sec. 405(g), judicial review of the Secretary's decision is limited to determining whether there is substantial evidence in the record as a whole to support the decision. Garner v. Heckler, 745 F.2d 383, 387 (6th Cir.1984). In order for a treating physician's diagnosis and opinion to be binding on the Secretary, the physician's opinion of disability must be supported by sufficient medical data. Houston v. Secretary, 736 F.2d 365 (6th Cir.1984). If the treating physician concludes, without sufficient medical support, that the plaintiff is disabled, said conclusion is not determinative of the issue of disability. Kirk v. Secretary of Health and Human Services, 667 F.2d 524 (6th Cir.1981); 20 C.F.R. Secs. 404.1527, 404.1529 (1981). Not until his February, 1986 report did Dr. Bauer maintain that Sheets was unable to engage in some level of sedentary work. Dr. Bauer offered few medical findings in support of his opinion. The weight of findings in the record were inconsistent with his opinion.
 
 
 7
 Dr. Bauer based his opinion of disability on physical and mental impairment. Dr. Bauer claimed that Sheets's bilateral manual dexterity was impaired. However, he never described the nature or the extent of the impairment. An early EMG report and a later EMG report contradicted Dr. Bauer's opinion. There was also no mention of persistent loss of dexterity during the January, 1986 hospitalization or in Dr. Gross's subsequent examination. Dr. Bauer also stated that Sheets's disability was based on her inability to concentrate due to chronic pain. By necessity, disability based on pain depends largely on the credibility of the claimant. Houston v. Health & Human Services, 736 F.2d 305, 307 (6th Cir.1984). The credibility determination of an administrative law judge is entitled to great deference and should not be lightly discarded. Beavers v. Secretary of Health, Education and Welfare, 577 F.2d 383, 386 (6th Cir.1978); see Villarreal v. Secretary of Health & Human Services, 818 F.2d 461 (6th Cir.1987). We choose not to do so here.
 
 
 8
 The administrative law judge noted that the "virtually unanimous opinion" of the medical professionals who evaluated Sheets was that Sheets was capable of some level of sedentary work despite neck and back conditions. Dr. Bauer had Sheets hospitalized on January 8, 1986 for the purpose of intra-thecal injections. Nursing notes during hospitalization indicated that the plaintiff had no complaints of pain. Sheets was also examined by Dr. Gross on January 29, 1986 and reported that the hospitalization left her with a 25% to 30% improvement in her pain. Although Dr. Bauer's report was submitted on February 18, 1986, he had last examined plaintiff in the hospital. Sheets's most recent description of her condition was, therefore, that given to Dr. Gross on January 29th, more than two weeks after she was discharged. There was no evidence that the treatments of January, 1986 had lost their effectiveness.