81 F.3d 160
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Nannie MADDEN, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant-Appellee.
 No. 94-6329.
 United States Court of Appeals, Sixth Circuit.
 April 1, 1996.
 
 Before: BROWN, NELSON, and MOORE, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from a summary judgment in which the district court upheld an administrative denial of Supplemental Security Income benefits. The plaintiff, Nannie Madden, asks this court to award her benefits or, alternatively, to remand the case to the agency for reconsideration in light of new evidence. Concluding that neither course is warranted, we shall affirm the judgment of the district court.
 
 
 2
 Ms. Madden applied for benefits in 1991. Her application was denied both initially and after a hearing held before an administrative law judge on August 12, 1992. Ms. Madden sought judicial review and also filed a new application for benefits. On October 23, 1993, the agency made an award of benefits on the new application, finding the plaintiff disabled as of June 1, 1993. The award was based, in large part, on a medical examination conducted in August of 1993.
 
 
 3
 The record of the 1992 hearing contains medical records and reports prepared by several different doctors, including a residual functional capacity assessment by the plaintiff's treating physician. None of this medical information indicated that the plaintiff was completely unable to perform light work. The ALJ posed a hypothetical question to a vocational expert based upon the plaintiff's medical history and personal characteristics. The vocational expert responded that the person described in the question could perform 20-30 percent of the light jobs and 60 percent of the sedentary jobs in the economy.
 
 
 4
 The plaintiff complains of the failure of the ALJ to accept at face value her testimony concerning her physical limitations. The ALJ noted that "the claimant's demeanor during the hearing was rather exaggerated," that some of her assertions were not substantiated on a medical basis, and that she had made inconsistent statements as to how long she could sit at one time. He determined the plaintiff's credibility to be "only fair."
 
 
 5
 We have previously pointed out that where "credibility, especially with alleged pain, is crucial to resolution of the claim, the ALJ's opportunity to observe the demeanor of the claimant 'is invaluable, and should not be discarded lightly.' " Kirk v. Secretary of Health & Human Servs., 667 F.2d 524, 538 (6th Cir.1981), cert. denied, 461 U.S. 957 (1983), quoting Beavers v. Secretary of Health, Educ. and Welfare, 577 F.2d 383, 387 (6th Cir.1978). We are not prepared to second-guess the ALJ's credibility findings here.
 
 
 6
 The ALJ erroneously stated that the plaintiff took only over-the-counter medications for pain, when in fact she took a prescription medicine--aspirin with codeine--for headaches. The error seems harmless. The plaintiff did not deem her headaches significantly serious to merit mention in her disability report or in her application for supplemental security income. Apparently none of the other types of pain in question required prescription medicine. Moreover, the ALJ's credibility determination was well supported by other evidence.
 
 
 7
 The plaintiff asserts that the ALJ did not properly consider the combined effect of all of her impairments. The record, however, indicates that the ALJ carefully considered all of the medical evidence and discussed each of the claimant's ailments and the overall limitations imposed by these ailments. The question promulgated to the vocational expert dealt with the claimant's ability to work "in light of all inferences regarding the claimant's impairments and degree of severity thereof." The ALJ specifically found that the claimant did "not have an impairment or combination of impairments listed in or medically equal to one listed in Appendix 1, Subpart P, Regulation No. 4." The ALJ clearly took into account the combined effect of the plaintiff's ailments.
 
 
 8
 The plaintiff also contends that the ALJ failed to place sufficient emphasis on the reports of the treating physician. In fact, however, the ALJ appears to have relied most heavily upon the residual functional capacity assessment performed by the plaintiff's own doctor.
 
 
 9
 The plaintiff asserts that the "grids" mandate that she be found disabled. In this connection she points to Table 1, Rule 201.09, which indicates that a person closely approaching advanced age, with a limited education or less, who is "unskilled, with no work experience, and only capable of sedentary work," is considered disabled. 20 C.F.R. § 404, Subpart P, App. 2. This grid is not directly applicable, however, because the ALJ specifically found that Ms. Madden retained some ability to perform light work.
 
 
 10
 The plaintiff also asserts that the ALJ should not have relied upon Table 2, Rule 202.10--which applies to a claimant limited to light work--because she could perform only a limited range of light work. In such a case, "the grid is only used as a guide to the disability determination." Kirk, 667 F.2d at 528, and Hurt v. Secretary of Health & Human Servs., 816 F.2d 1141, 1143 (6th Cir.1987). The ALJ did not rely solely upon the grid here, but used the grid as "a framework for decisionmaking" in conjunction with the testimony of the vocational expert. We see no error in this regard.
 
 
 11
 The ALJ is not to be faulted for failing to follow up on a comment by the plaintiff at the end of the hearing that she had forgotten to tell the ALJ about her legs. Neither is he to be faulted for failing to obtain her records in regard to "additional laser surgery." The plaintiff had stated earlier in the hearing that her feet and legs limited her ability to work, and it was her own representative who cut off the discussion in regard to this matter. The surgery appears still to have been in prospect, and the pertinent records would have been only of limited assistance in assessing Ms. Madden's condition at the time of the hearing.
 
 
 12
 The "new evidence" deals with the plaintiff's medical problems in July and August of 1993. The issue before us here, however, relates to the plaintiff's condition in 1992. The decision that she was not disabled as of that time is supported by substantial evidence in the record as a whole, and we see no need for a remand.
 
 
 13
 AFFIRMED.