F I L E D
United States Court of Appeals
Tenth Circuit

August 25, 2006

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

BILLIE C. WYATT,

Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

Defendant-Appellee.

No. 05-6375
(D.C. No. 05-CV-80-W)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before **BRORBY** and **EBEL**, Circuit Judges, and **KANE**,[**] District Judge.

Plaintiff Billie C. Wyatt appeals from an order of the district court

affirming the Social Security Commissioner's denial of her application for

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

[**]    The Honorable John L. Kane, Senior District Judge, United States District
Court for the District of Colorado, sitting by designation.

disability benefits.  Exercising our jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, we affirm.

BACKGROUND

This appeal concerns Wyatt's application for disability benefits filed on June 17, 2002.[1]  She alleges that she has been disabled since March 31, 2001, due to depression; hands that swell, hurt, and go numb; arthritis; back pain; chronic diarrhea caused by irritable bowel syndrome; neck pain; heart problems; and insomnia.  Following the initial denial of her application, a hearing was held on June 10, 2003, before ALJ Lacy.  Less than a month later, however, ALJ Lacy died without rendering a decision on Wyatt's application.  Therefore, her case was transferred to ALJ Parrish.

ALJ Parrish determined that a supplemental hearing was not necessary and rendered a decision based on the documentary evidence and a tape recording of Wyatt's hearing before ALJ Lacy.  He denied Wyatt's application at step four of the sequential evaluation process, *see* 20 C.F.R. § 404.1520, because he concluded that although Wyatt suffered from severe impairments (mitral

---

[1]     Plaintiff's first application for disability benefits, filed in January 2001, was denied by an Administrative Law Judge (ALJ) on May 6, 2002, without further appeal.  The ALJ who adjudicated the current application concluded that any claim of alleged disability existing before May 6, 2002, was barred by res judicata.  As Wyatt does not challenge that ruling on appeal, we will confine our review to the ALJ's decision as it relates to Wyatt's alleged disabled status since May 6, 2002.

regurgitation, depression, and back problems), she retained the residual functional capacity (RFC) to perform light work. Since several of her previous jobs, including medical lab courier, line loader, and fast food worker, required only light work, the ALJ concluded that Wyatt could perform her past relevant work and was, therefore, not disabled within the meaning of the Social Security Act. On December 3, 2004, the Appeals Council denied Wyatt's request for review, thereby making the ALJ's decision the final decision of the Commissioner.

Wyatt then filed an action in the district court seeking reversal of the Commissioner's decision. The matter was referred to a magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b), and on October 11, 2005, the magistrate judge issued a report recommending that the Commissioner's decision be upheld. Wyatt filed a timely objection to the magistrate judge's report. Over her objection, however, the district court adopted the magistrate judge's report on October 21, 2005, and issued an order affirming the Commissioner's decision. This appeal followed.

## ANALYSIS

### I. Standard of Review

"The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence, and whether she applied the correct legal standards." *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). "Substantial evidence . . . is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Id.* Our review entails a meticulous examination of the record to ensure that the substantiality test has been met, but "we may neither reweigh the evidence nor substitute our judgment for that of the agency." *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2002) (quotation omitted).

## II. Waiver

First, we address the Commissioner's claim that several of Wyatt's appellate arguments have been waived. Wyatt raises several challenges to the ALJ's decision. First, she argues that the ALJ's credibility assessment is entitled to no deference because he failed to hold a supplemental hearing and therefore missed the opportunity to observe her demeanor during her testimony. In addition, she claims that the ALJ failed to provide a reviewable analysis of his credibility determination. Next, she challenges the bases for the ALJ's RFC assessment. She claims that the ALJ failed to include all of her physical limitations in his assessment, in particular her chronic back pain, and that he erred by failing to address an agency expert's opinion concerning her psychological limitations. Finally, she argues that the ALJ did not properly weigh the opinion of her primary care physician, Dr. Fanning.

We agree with the Commissioner, however, that only two of these points have been preserved for our review. Although Wyatt made each of the above arguments in her brief to the district court, she failed to raise all but two of them

in her objection to the magistrate judge's report and recommendation. In her objection, she specifically raised the following two issues: (1) the magistrate judge failed to adequately address her argument based on the ALJ's failure to hold a supplemental hearing; and (2) the magistrate judge did not adequately consider her argument that the ALJ failed to include all of her physical limitations in his RFC assessment. *See* Aplt. App. at 312. She attempted to preserve the remainder of her arguments in a catchall statement, "adopt[ing] and realleg[ing] all assertions as contained in her brief filed [] in support of reversing and remanding the administrative law judge's decision." *Id.* at 312-13. She concluded her objection by stating that the ALJ "failed to follow the correct legal standard," and that his decision was "not supported by substantial evidence." *Id.* at 313. This general objection, however, was not sufficient to preserve her more specific challenges for appellate review.

We have held that "a party's objections to the magistrate judge's report and recommendation must be both timely and *specific* to preserve an issue for . . . appellate review." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996) (emphasis added). Thus, in *Soliz v. Chater*, 82 F.3d 373, 375-76 (10th Cir. 1996), we concluded that a plaintiff challenging the denial of her social security application waived appellate review of specific issues by objecting to the magistrate judge's report with only a general objection that substantial evidence did not support the agency's decision. The same is true here.

Wyatt's general objection that the ALJ's decision was not supported by substantial evidence and that he failed to follow the correct legal standard was not "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *One Parcel of Real Prop.*, 73 F.3d at 1060. Therefore, we conclude that with the exception of the two issues that Wyatt specifically raised in her objection to the magistrate judge's report, the arguments raised on appeal before this court have been waived, and we will not address them further. *Soliz*, 82 F.3d at 376.

III.  Supplemental Hearing

One of the issues that Wyatt did preserve for appellate review concerns the ALJ's decision not to hold a supplemental hearing and the effect of that decision on his credibility assessment.  The ALJ found that although Wyatt suffered from impairments reasonably expected to produce the types of symptoms she alleged, "her complaints suggest[ed] a greater severity of impairment than [was] shown by the objective medical evidence."  Aplt. App. at 27.  Wyatt relies on *Williams v. Bowen*, 844 F.2d 748, 755 (10th Cir. 1988), to argue that since the ALJ was not present at the hearing to observe her demeanor, his credibility assessment deserves no deferential treatment.  We disagree.

*Williams* does not stand for the proposition that an ALJ's observation of the claimant's demeanor is of paramount importance in determining credibility. Certainly, as we stated in that case, "[t]he opportunity to observe the demeanor of

a witness . . . is invaluable, and should not be discarded lightly." *Id.* at 755

(quoting *Beavers v. Sec'y of Health, Educ. and Welfare*, 577 F.2d 383, 387

(6th Cir. 1978)).  We also held, however, that under certain circumstances the

ALJ's credibility assessment can be set aside notwithstanding his presence at the

hearing.  *See id.* at 754 (stating that the Appeals Council may reject the ALJ's

credibility assessment if it fully articulates its reasons for doing so).

Furthermore, *Beavers*, the case upon which we relied, makes clear that it is the

decision of the Commissioner that is entitled to deference, not the decision of the

individual ALJ who presided over the hearing.  577 F.2d at 387 (holding that the

ALJ's determinations based on demeanor are not conclusive).  We therefore hold

that ALJ Parrish's absence from the hearing was not, by itself, sufficient to render

his credibility assessment unworthy of deferential treatment.

On the other hand, Wyatt is correct to urge closer scrutiny of the ALJ's

credibility assessment since he did not have the benefit of personally observing

her testimony.  *Cf. Williams*, 844 F.2d at 754 (holding that we review "with

heightened scrutiny" the Commissioner's reasons for rejecting an ALJ's

credibility findings).  In this case, such close scrutiny reveals that the ALJ's

assessment of Wyatt's credibility was based on inconsistencies between her

testimony and the documentary evidence and not on her demeanor at the hearing.

The ALJ noted that although Dr. Casper's treatment notes reported

significant improvement following Wyatt's back surgery on April 17, 2002, Wyatt

told the consulting physician and testified at the hearing that she experienced little to no improvement after her surgery. As the ALJ also noted, her testimony that she suffers from unabated back and leg pain conflicted with treatment notes from even before her surgery. On February 11, 2002, for example, Dr. Fanning observed only "mild diffuse tenderness over the left lower back flank area. Only mild muscle spasm," and negative straight leg raises. Aplt. App. at 163. Dr. Casper's treatment notes from February 26, 2002, likewise revealed "negative straight leg raise bilaterally. . . . good muscle strength and good reflexes." *Id.* at 209. Finally, the ALJ found Wyatt's complaints of disabling back pain dubious given that she never returned to her back surgeon for follow-up even after the pain allegedly resurfaced. Moreover, the ALJ found troubling certain internal inconsistencies in Wyatt's testimony concerning her daily activities and general mobility. In short, the ALJ articulated specific reasons for his credibility findings, and our independent review of the record reveals that his findings are supported by substantial evidence. His credibility assessment is therefore entitled to particular deference and will not be disturbed on appeal. *See White*, 287 F.3d at 910.

IV. The ALJ's RFC Determination

The other issue that Wyatt preserved for our review concerns the ALJ's alleged failure to consider her physical limitations due to her back pain in determining her RFC. The RFC describes the range of work activities that a

social security claimant can perform despite her impairments. *See* 20 C.F.R. § 404.1545(a)(1). In determining the claimant's RFC the ALJ must consider any medical opinions about what the claimant can still do as well as the claimant's own testimony concerning her limitations, including limitations resulting from pain. *See id.* § 404.1545(a)(3). Here, the ALJ found that Wyatt retained the residual functional capacity to perform the exertional demands of light work, or work that requires maximum lifting of twenty pounds and frequent lifting of up to ten pounds. Wyatt contends that the medical records from her treating physician and the agency's consulting physician corroborate her testimony of disabling pain and reveal greater limitations than those reflected in the RFC.

For the reasons discussed above, we have no basis to second-guess the ALJ's skepticism of Wyatt's testimony concerning her alleged unabated back pain. Moreover, our own review of the record reveals that the ALJ's RFC determination was supported by the objective medical evidence. Wyatt submitted medical records from both Dr. Fanning and Dr. Casper reflecting her repeated complaints of back pain. She concedes, however, that none of the treatment records express an opinion concerning her physical limitations.[2]

---

[2] We note that Dr. Casper's treatment notes, dated April 30, 2002, approximately two weeks after Wyatt's surgery, reveal that he was optimistic about her ability to return to "some form of work" after another two weeks. Aplt. App. at 203.

A consulting physician who examined Wyatt on August 28, 2002, did report that Wyatt walked with a slight limp, had positive straight leg raises and weak heel and toe walking on the left side. He also noted that Wyatt experienced "great difficulty getting from a sitting to a lying position and extreme difficulty getting from lying to a sitting position and required [] help with noted lower back pain." Aplt. App. at 212. As the ALJ noted, however, this report is not supported by any other post-operative medical record, and is, in fact, contradicted by Wyatt's previous statements to Dr. Casper.[3]

Given the narrow scope of our review, we are compelled to conclude, as was the district court, that substantial evidence supported the ALJ's RFC determination. *White*, 287 F.3d at 908. We also agree with the district court that the ALJ employed the correct legal standards in reaching his conclusions. The district court's judgment is therefore AFFIRMED.

Entered for the Court

Wade Brorby
Circuit Judge

---

[3]     The record reveals that Wyatt reported significant improvement to Dr. Casper only a month after her surgery, telling him that she was experiencing only mild pain after walking a mile and a half a day. *See* Aplt. App. at 202.